OPINION
Appellant, Donald Kirkman, was convicted of two counts of gross sexual imposition in 1995. He is presently incarcerated for these crimes. In April 1997, the Ohio Department of Rehabilitation and Correction recommended to the Marion County Court of Common Pleas that appellant be adjudicated a sexual predator and thus subject to the community notification provisions set forth in newly enacted R.C. Chapter 2950. A hearing to determine this matter was held. In its judgment entry dated August 26, 1997, the trial court found appellant to be a sexual predator as defined in R.C. 2950.01(E) and ordered this determination to be entered in appellant's institutional record.
Appellant now appeals from the trial court's decision and raises the following three assignments of error:
 Ohio Revised Code Section 2950.09 violates Article II, Section 28 of the Ohio Constitution with respect to offenders of sexually oriented crimes convicted and sentenced prior to the enactment of Ohio Revised Code Section 2950.09, and as said section is unconstitutional, it is error for a trial court to impose the sanctions set forth in Ohio Revised Code Section 2950.09 on such an offender.
 Ohio Revised Code Section 2950.09 violates Article I, Section 9 of the United States Constitution with respect to offenders of sexually oriented crimes convicted and sentenced prior to the enactment of Ohio Revised Code Section 2950.09, and as said section is unconstitutional, it is error for a trial court to impose the sanctions set forth in Ohio Revised Code Section 2950.09 on such an offender.
 The trial court erred in entering judgment finding the appellant a sexual predator pursuant to Ohio Revised Code Section 2950.09 after the appellant had been released from incarceration.
In State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, we recently addressed similar assignments of error concerning the constitutionality issues which the appellant has raised in this appeal. We held that R.C. 2950.09 violated the Retroactive Clause of the Ohio Constitution when applied to an offense committed before the effective date of the statute, January 1, 1997. Accordingly, on the authority of that case, we find that R.C. 2950.09 is unconstitutional as applied to this appellant since his crimes were committed in 1995, prior to the enactment of the new version of the statute. Furthermore, based on this conclusion, we find that the common pleas court was without authority to declare appellant a sexual predator. SeeState v. Fielder (Oct. 10, 1997), Union App. No. 14-97-10, unreported. The first and third assignments of error are sustained.
Since we have already determined that R.C. 2950.09, as applied to appellant, violates the Ohio Constitution, we need not consider whether the Ex Post Facto Clause of the United States Constitution was violated. Therefore, the second assignment of error is overruled as moot.
Accordingly, the judgment of the Court of Common Pleas of Marion County is reversed.
Judgment reversed.
BRYANT and HADLEY, JJ., concur.